IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JODY WULFERT, ADMINISTRATOR OF THE ESTATE OF CHASE WULFERT, DECEASED,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN ASHER WILSON,<br><br>    Defendant. | Case No. 1:25-cv-02847-STA-jay |

### AMENDED ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND RULE 14(C) TENDER

  Before the Court is Defendant John Asher Wilson's Motion for Leave to File Third-Party Complaint and Rule 14(c) Tender (ECF No. 10).[1] Defendant seeks permission to file a third-party pleading to add Shonda Linton, the administratrix of the Estate of Cherie Denise Arnold, as a party to the action. Defendant has attached a copy of his proposed pleading to the Motion. According to Defendant's certificate of consultation, Plaintiff does not consent to the request but also does not oppose the filing of the third-party complaint.

  Federal Rule of Civil Procedure 14(a)(1) governs third-party practice and allows a defendant to, "as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The defendant may file a third-party complaint as a matter of right if it does so within 14 days after serving its

---

[1] On October 15, 2025, the Court entered an order denying the Motion, in large part because the Court found that the Notice of Removal had not included a copy of the Complaint. It has come to the Court's attention that the Complaint was included with the Notice of Removal, not as an attachment but as a part of the Notice itself. The Court therefore vacates its previous order.

original answer. *Id*. Otherwise, the defendant must obtain permission from the Court before filing its third-party complaint. *Id*. "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

Even so, a defendant may not implead just any party for any reason. A third-party complaint must attempt "to transfer the liability asserted against [the defendant] by the original plaintiff to the third-party defendant," which the Court of Appeals has described as "the essential criterion" of third-party practice. *Id*. Defendant also seeks leave to add a third-party defendant under Rule 14(c). Under Rule 4(c), a defendant against whom "an admiralty or maritime claim under Rule 9(h)" is asserted" may "bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff—for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 14(c).

Defendant has shown that the Complaint alleges a maritime claim within the meaning of Rule 9(h). Rule 9(h) allows a party pleading a claim for relief "within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground" to "designate the claim as an admiralty or maritime claim for purposes of" Rule 14(c) and other specific rules of procedure as well as the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Defendant filed its Notice of Removal on September 4, 2025, and attached to the pleading a copy of the original Complaint. Defendant's Notice of Removal alleges that removal is proper because the Complaint seeks more than $75,000 in damages and there is complete diversity of citizenship between the parties. The Complaint itself alleges that Plaintiff's

decedent was killed during a boating accident on August 6, 2022, when a recreational watercraft in which the decedent was traveling collided with a tow of barges. Plaintiff alleges that Defendant was the captain or pilot of the vessel driving the barges.

The proposed third-party pleading references the same boating accident on the Tennessee River and alleges that the collision was caused by a third party. Defendant seeks to make the third party a party to this action through the proposed third-party complaint. Because the proposed third-party complaint meets the requirements of Rule 14, Defendant's Motion is **GRANTED**. Defendant has attached the proposed pleading to its Motion. For the sake of clarity in the record, Defendant is directed to file the pleading as a new docket entry.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 16, 2025